# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | **NO. 3:18-cr-00045** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| | ) | |
| **XZAVEON PEETE** | ) | |

## ORDER

Pending before the Court is the Government's Motion to Vacate the Trial Date, Set a Status Conference, and Exclude Time Under the Speedy Trial Act (Doc. No. 74); the Government's Supplemental Notice Regarding Trial Dates (Doc. No. 76); Defendant's Response (Doc. No. 77); and the Government's Reply (Doc. No. 78). The Motion to Vacate is **GRANTED,** in part, and **DENIED,** in part, as set forth herein.

After an interlocutory appeal, the Sixth Circuit issued an opinion in this case on July 15, 2019, and issued the Mandate on August 6, 2019. (Doc. Nos. 63, 68). By Order entered August 7, 2019 (Doc. No. 69), the Court set this case for trial on September 24, 2019, noting the period of delay resulting from the interlocutory appeal was excludable under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(C). Through the pending Motion, the Government seeks to continue the trial in this case while Defendant is tried in state court for attempted first-degree murder and other offenses allegedly arising out of conduct that occurred while this case was on appeal. According to the Government, Defendant is currently being detained in the Tipton County Jail, awaiting the state court trial. The Government indicates the trial in state court is set for September 25, 2019, and requests the Court vacate the current trial date in this case and schedule a status conference at

which the parties can discuss a new trial date. The Government contends the resulting period of delay is excludable under Subsection (h)(1)(B) of the Speedy Trial Act, which excludes "delay resulting from trial with respect to other charges against the defendant." In a supplemental filing ordered by the Court, the Government suggests new trial dates in January or February 2020.

In response, Defendant states he refuses to waive any Speedy Trial rights under 18 U.S.C § 3161, and in addition, argues that a continuance of the trial date in this case violates his Sixth Amendment right to a speedy trial. Defendant suggests that proceeding with the state trial before the trial in this case will prejudice him because the state conviction could be used as a predicate offense extending his sentence under the Armed Career Criminal Act ("ACCA").

In reply, the Government argues there has been no violation of Defendant's statutory or constitutional speedy trial rights. The Government also points out that a conviction in the state case will not serve as an ACCA predicate offense because the offense conduct in the state case occurred after the offense conduct charged in this case.

Given the imminent nature of the state trial, which is set to begin one day after trial is scheduled in this case, the Court is persuaded that the trial in this case should be continued. The Speedy Trial excludable cited by the Government, however, would not apply once the state proceedings have concluded. Thus, the Court declines the request to set the case in January or February 2020, or to continue the trial indefinitely. According to the Clerk of Court, the current Speedy Trial deadline in this case is October 15, 2019. The Court concludes the trial in this case should be set for that date.

On or before October 4, 2019, the Government shall file a notice of the status of the state proceedings. Based on the status of those proceedings, the Court will consider requests by the

2

parties for a further continuance of the trial date in this case. To the extent Defendant still seeks to dismiss this case based on speedy trial grounds, in light of the Court's ruling, he is expected to raise the issue by motion.

Accordingly, the trial is CONTINUED to October 15, 2019, at 9:00 a.m. The Court will hold a pretrial conference on October 7, 2019, at 4:00 p.m. All lawyers who will participate in the trial must attend the pretrial conference. Pretrial motions shall be filed on or before September 19, 2019.

The Court concludes that the period of delay occasioned by the granting of the continuance is within the deadlines set by the Speedy Trial Act. 18 U.S.C. §§ 3161, *et seq*. Alternatively, the period of delay is reasonable and excludable under 18 U.S.C. § 3161(h)(1)(B).

Any plea agreement shall be consummated on or before September 30, 2019, and the courtroom deputy so notified. If a plea agreement is submitted, the hearing to take the plea will take place on October 7, 2019, at 4:00 p.m. On or before October 1, 2019, the parties shall submit to chambers the proposed plea agreement, and a document that lists the elements of each offense to which Defendant is pleading guilty and the statutory penalty for each, including period of incarceration, fine, and the applicable period of supervised release, and Defendant shall submit a plea petition.

If the case is to be tried, the parties shall file the following on or before October 1, 2019:

1. An agreed set of case specific jury instructions, with citations to supporting authorities.

2. Alternative versions of jury instructions on which there is not an agreement, with citations to supporting authorities.

3. An agreed verdict form or alternative versions.

The parties shall email a Word version of all proposed instructions and verdict forms that are filed to ccampbellchambers@ tnmd.uscourts.gov.

All notices under Federal Rule of Evidence 404(b) shall be provided by September 17, 2019. Motions in limine shall be filed on or before September 24, 2019, and responses shall be filed on or before October 1, 2019.

Any motion to continue the trial shall be filed by October 5, 2019, and any response shall be filed by October 9, 2019. All motions to continue shall be accompanied by a Waiver of Speedy Trial Rights executed by the defendant, or shall contain an explanation of why such Waiver is not attached.

The parties are forewarned that motions filed after the deadlines set forth herein may not be considered by the Court. Counsel for the parties shall comply timely with the discovery and motion provisions of L.Cr.R. 12.01 and 16.01.

Defendant shall attend all court proceedings in this case. If a defendant is in custody, the Government shall take all necessary actions to secure the timely presence of the defendant at all Court proceedings. Counsel for Defendant shall make sure street clothes are available timely for Defendant at trial.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE